**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AAA PHARMACY, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1221-F |
| | ) | |
| PALMETTO GBA, L.L.C., et al., | ) | |
| | ) | |
|     Defendants. | ) | |

<u>ORDER</u>

Three matters are before the court:  plaintiff's objection to the certification filed by the United States on January 24, 2008 (certification at doc. no. 23, objection at doc. no. 46); the Motion to Dismiss, filed by the United States on January 22, 2008, seeking dismissal of counts one and four through fifteen under Rule 12(b)(1), Fed. R. Civ. P. (doc. no. 19); and Defendants' Motion to Dismiss Plaintiff's Constitutional Tort Claims, filed January 22, 2008, seeking dismissal of counts two and three under Rules 12(b)(1) and (6), Fed. R. Civ. P. (doc. no. 20.)  These matters have been briefed and oral argument has been held.

<u>Background</u>

Plaintiff is AAA Pharmacy, Inc., ("AAA").  Briefly stated, AAA's complaint alleges fifteen counts (or claims) growing out of the manner in which AAA's status as a Medicare provider was handled or overseen by defendants.  The complaint's factual allegations focus on incorrect termination of plaintiff's Medicare provider status (although that status was ultimately reinstated), the lack of merit of various determinations made by defendants during the course of proceedings regarding the termination of that status, and defendants' failure to follow the required regulatory time-line for setting a hearing.  In the moving papers and at oral argument, plaintiff

emphasized this last point, stressing that it was defendants' delay in setting a hearing on plaintiff's appeal of the denial of its provider status which caused AAA to fail. *See, e.g.*, reply brief, doc. no. 37, p. 8, stating "[c]hiefly, Defendants deprived Plaintiff of the timely hearing required by 42 C.F.R. §405.874(c)." In that regard, AAA alleges that it sent in its appeal on December 29, 2005, fourteen days after notice of revocation, and that defendants were required to set a hearing within one week pursuant to 42 C.F.R. § 405.874. (Complaint, doc. no. 1, ¶ 50.) AAA alleges that defendants' failure to comply with this regulation caused a four-month revocation period, making it impossible for AAA to survive. (Doc. no. 1, ¶ 50.) AAA alleges the delay resulted in the loss of its six million dollar business.

## Standards

Defendants move for dismissal under Rules 12(b)(1) and 12(b)(6). In passing on a motion to dismiss, whether bringing a facial attack[1] on the ground of lack of jurisdiction over the subject matter under Rule 12(b)(1) or whether challenging the complaint for failure to state a claim under Rule 12(b)(6), the non-movant enjoys similar safeguards; the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See*, *e.g.*, <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting <u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); 2 <u>Moore's Federal Practice</u>, §12.30[4] (Matthew Bender 3d ed.)

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. <u>Ridge at Red Hawk, L.L.C. v.</u>

---

[1] Defendants' motion at doc. no. 20 brings a facial attack as well as a factual attack. It is not necessary to reach the factual attack in order to determine the motion, however. See n. 8, *infra*.

<u>Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v.</u> <u>Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1969,1974 (2007).  To survive a  motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible.  *Id.*  The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.  <u>Ridge at Red Hawk</u>, 493 F.3d at 1177.  In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  *Id.*

Before applying these standards to defendant's motions, the court addresses plaintiff's objection to the substitution of the United States as the defendant for purposes of counts one and four through fifteen.

Certification

Shortly after the United States filed its notice pursuant to 28 U.S.C. §2679(d)(1) in January of 2008, certifying that the defendants were acting within the scope of their duties as employees of the United States for purposes of the incidents alleged in this action, the court substituted the United States as the party defendant in the court record for purposes of all counts except the constitutional torts alleged in counts two and three.  (These types of constitutional tort claims, or <u>Bivens</u> claims, are, by definition, not alleged against the United States but are alleged against individuals. See discussion at n.4.)  Plaintiff did not object to the certification or to the resulting substitution of the United States as the sole defendant with respect to counts one and four through fifteen until October 1, 2008, just prior to the hearing on the motions to

dismiss.  Despite the belatedness of plaintiff's objection to the certification, the court has carefully reviewed the arguments for and against substitution.[2]

As just stated, the certification purports to require substitution of the United States as the sole defendant for purposes of the tort claims alleged in counts one and four through fifteen.[3]  In support of the motion to substitute, the United States points out that it has certified, per 28 U.S.C. §2679, that defendants were acting within the scope of their employment as employees of the United States at the time of the incidents involved in this action.  (See certification, doc. no. 18-2.)  Title 28 U.S.C. §2679(d)(1) states:  "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

---

[2]Plaintiff objected to the notice of certification and to the motion of the United States to substitute.  (Objections at doc. no. 46.)  The motion to substitute (doc. no. 18), however, was previously stricken for failure to comply with the local rules, and is moot.  After the motion was stricken, the United States filed its notice of certification, taking the position that no motion was needed as substitution is mandatory upon filing of the certification.  The court has considered all of the arguments put forward by the parties, whether those arguments are made in favor of, or in response to, the motion to substitute or the notice of certification.

[3]At oral argument, plaintiff stated that every count except count eight sounds in tort (including counts two and three which plaintiff characterizes as constitutional torts, and which are addressed later in this order).  TR. of October 1, 2008 hearing, p. 24.  Plaintiff appears to construe count eight, entitled "Breach of Implied Contract," as a contract claim rather than a tort claim.  No contract is identified in the detailed complaint, however.  Moreover, as alleged, count eight clearly brings a claim for breach of the implied contractual duty of good faith and fair dealing.  Without the identification of any contract in issue here, this claim sounds in tort.  *See*, Lewis v. Aetna U.S. Healthcare, Inc., 78 F. Supp. 2d 1202 (N.D. Okla. 1999) (applying Oklahoma law and referring to "the tort of breach of the covenant of good faith").  Accordingly, count eight is construed as a tort claim.

In light of this mandatory language, the government's certification constitutes *prima facie* evidence that the defendants acted within the scope of their employment for the United States, placing the burden on the plaintiff to prove otherwise. <u>Gutierrez de Martinez v. Drug Enforcement Administration</u>, 111 F.3d 1148, 1155 (4th Cir. 1997). If, after the government has made its certification, a plaintiff does not come forward with any evidence, the government's certification is conclusive. *Id.* A plaintiff's evidence must be specific evidence, or the forecast of specific evidence, that contradicts the Attorney General's certification, not mere conclusory allegations. *Id.*

Here, plaintiff has come forward with no evidence, and has made only conclusory arguments, as to why the government's certification should not be effective. Plaintiff's conclusory arguments regarding the falsity of the government's certification do not defeat the certification or place the certification sufficiently in doubt to require a hearing. Moreover, the nature of the detailed factual allegations contained in the complaint also help establish that the acts in question occurred within the scope of the duties of the officials involved. Accordingly, the certification stands, and the United States remains substituted as the sole defendant for purposes of counts one and four through fifteen.

<u>Motion to Dismiss Counts One and Four through Fifteen</u>

Having confirmed that the United States is the only defendant with respect to counts one and four through fifteen, the court now takes up the motion of the United States to dismiss those counts under Rule 12(b)(1) for lack of jurisdiction.

Leaving aside for the moment the constitutional tort claims, or <u>Bivens</u> claims,[4] alleged in counts two and three (which are not challenged in this motion), the United States argues that the exclusive remedy for claims for money damages alleging injury or loss caused by negligent or wrongful acts or omissions of any employee of the United States while acting within the scope of their office or employment -- in other words, the claims alleged by plaintiff in counts one and four through fifteen -- are the remedies set out in the Federal Tort Claims Act (FTCA).  *See*, 28 U.S.C. §1346(b).[5] The United States is correct.  The United States is also correct that the FTCA requires

---

[4]A <u>Bivens</u> claim is a claim for money damages against federal officials or employees who participated in unconstitutional conduct.  *See*, <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 396 (1971) (recognizing tort action for money damages against federal officials and employees who acted in violation of Fourth Amendment of U.S. Constitution). Subsequent to <u>Bivens</u>, United States Supreme Court expanded <u>Bivens</u> slightly, to include claims for violation of certain aspects of the Fifth and Eighth Amendments; more recent Supreme Court cases have declined to expand <u>Bivens</u> liability into new contexts.  *See*, *e.g.*, <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988) (no <u>Bivens</u> claim could be brought by plaintiffs whose social security benefits were denied, then later reinstated, against officials who administered disability benefits programs).

Some of plaintiff's moving papers, and some of plaintiff's counsel's comments at oral argument, suggest plaintiff views all counts as <u>Bivens</u> claims.  *See*, TR. p. 8.  However, counts one and four through fifteen do not refer to any provision in the United States Constitution.  These counts do not label any conduct as "unconstitutional."  Count two is the only count that refers to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Defendants' moving papers characterize counts two and three as constitutional tort claims, and characterize the other thirteen counts as non-constitutional claims (doc. no. 20, p. 1 and n.2); plaintiff's reply brief does not take issue with this characterization.  Finally, at oral argument, counts two and three were characterized by plaintiff as "the constitutional provisions...sounding in tort." TR. p. 24 (discussion of the "constitutional torts" as if they were a sub-set of all tort counts).  If counts one and four through fifteen were construed as <u>Bivens</u> claims, they would be redundant to counts two and three, because counts two and three are alleged broadly enough to include the wrongful conduct alleged in other counts.  Accordingly, however they may have been characterized by plaintiff in the past, the court finds that counts one and four through fifteen are not alleged as, and that they are not plausible as, <u>Bivens</u> claims.

[5]Section 1346(b)(1) provides: "the district courts...shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages,...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...."

presentation and disposition of FTCA claims to and by the appropriate federal agency, as a jurisdictional prerequisite to suit.  28 U.S.C. § 2675(a).[6]

There is no dispute that plaintiff has not exhausted its administrative remedies under the FTCA with respect to the claims alleged in counts one and four through fifteen, which have now been found to be claims alleged against government employees acting within the scope of their duties.  Oral argument suggested that plaintiff's counsel does not regard these claims as being subject to the FTCA framework because (and only because) plaintiff contends that the wrongful conduct was not within the scope of the individual defendants' employment.  TR. p. 25. Failing that premise, and absent some other theory of liability pursuant to which these claims could be brought in this court, plaintiff's counsel conceded these counts would, as the court put it at oral argument, "go out of the case" for non-compliance with the FTCA.  TR. pp. 24-25.  *See also*, plaintiff's argument, reply brief, doc. no. 37, p. 5, that the FTCA does not apply because plaintiff does not allege the defendants were acting in the course and scope of their employment.

Despite various characterizations by plaintiff of the nature of counts one and four through fifteen, these counts are not alleged as plausible Bivens counts.  *See*, n.4, *supra*.  These counts also are not cognizable under the Tucker Act because, as characterized by plaintiff at the hearing and as evidenced by the titles of most of these counts in the complaint, these counts sound in tort.  TR. p. 24.[7]  Accordingly, the

---

[6]Section § 2675(a) provides: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and [the] claim shall have been finally denied by the agency in writing...."

[7]Plaintiff did not characterize count eight as a tort claim because that count was excepted
(continued...)

available theory of liability with respect to counts one and four through fifteen is the FTCA. As the complaint does not allege exhaustion of administrative procedures required by the FTCA, counts one and four through fifteen will be dismissed without prejudice under Rule 12(b)(1), for failure to comply with the jurisdictional prerequisites of the FTCA.

Motion to Dismiss Counts Two and Three

Defendants move to dismiss the two remaining claims alleged in counts two and three under Rule 12(b)(6).[8] These counts allege constitutional torts, also referred to as <u>Bivens</u> claims. Defendants move to dismiss counts two and three, arguing these counts are not viable as <u>Bivens</u> claims because special factors counsel hesitation with respect to the creation of a judicial remedy.

As already noted (*see*, n.4, *supra*), subsequent to its decision in <u>Bivens</u>, the Supreme Court has recognized a <u>Bivens</u> remedy in just two contexts, both in cases where the Court determined that no special factors counseled hesitation. <u>Carlson v. Green</u>, 446 U.S. 14 (1980). As summarized by the Court in <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001), the Court has recognized such an implied, judicially-created damages remedy under the Due Process Clause of the Fifth

---

[7](...continued)
from the relevant discussion at the hearing. However, the court has found that count eight sounds in tort. *See*, n.3, *supra.*

The other counts are entitled: (1) "Ultra Vires Conduct," (4) "Violation of 42 C.F.R. §408.874," (5) "Fraud," (6)"Bad Faith," (7) "Tortious Interference with a Business," (9) "Doing Business in the State of Oklahoma," (10) "Violation of Oklahoma Constitution and Insurance Department Regulations," (11) "Violation of Oklahoma Constitution and Foreign Corporation Regulations," (12) "Willful and Malicious Conduct," (13) "Conversion," (14) "Gross Negligence," and (15) "Negligent Hiring and Failure to Properly Train, Manage, and Educate."

[8]The motion states the standards for deciding motions under Rules 12(b)(1) and 12(b)(6). The motion offers material outside the record in support of arguments defendants deem jurisdictional. The court has determined the motion under Rule 12(b)(6), however, based on the pleadings and the law. Accordingly, matters outside the record have not been considered.

-8-

Amendment, and under the Cruel and Unusual Punishments clause of the Eighth Amendment; otherwise, the Court has consistently refused to extend <u>Bivens</u> liability to any new context or category of defendants. *Id*. at 68. Indeed, the Court has cautioned against extending <u>Bivens</u> remedies into new areas. *See*, *e.g.*, <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 421-22 (1988) (absence of statutory relief for a constitutional violation does not necessarily imply courts should award money damages against officers responsible for the violation).

Despite narrow constraints regarding recognition of new <u>Bivens</u> remedies, in counts two and three, plaintiff asks the court to extend this judicially-created liability to both a new context and a new category of defendants. The new contexts suggested by plaintiff's claims are situations in which a plaintiff challenges decisions made by government employees and officials during the course of proceedings to determine a plaintiff's Medicare provider status. The new category of defendants which would be subjected to liability if the court recognized plaintiff's proposed <u>Bivens</u> remedy consists of individuals and entities responsible for handling and overseeing Medicare provider status proceedings. If such a remedy were recognized here, it could conceivably lead to a <u>Bivens</u> argument whenever a plaintiff alleged that a government employee failed to comply with regulations concerning the disposition of the plaintiff's dispute with any federal agency or office. Given significant Supreme Court precedent cautioning against expansion of the <u>Bivens</u> remedy, the court concludes that, on the facts before the court in this case, plaintiff has not established that expansion of <u>Bivens</u> remedies into the Medicare remedial scheme is warranted.

Moreover, the court notes other factors which caution hesitancy to recognize <u>Bivens</u> liability here. Count two is entitled "Unlawful taking under ... the U.S.

Constitution."[9]  The Tucker Act, 28 U.S.C. § 1491, provides a mechanism for a citizen to redress a Fifth Amendment takings claim.  As stated in §1491:  "the Court of Federal Claims has exclusive jurisdiction to render judgment upon any claim against the United States for money damages exceeding $10,000 that is founded either upon the Constitution, or any implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  Accordingly, a claim for just compensation under the Takings Clause must be brought to the Court of Federal Claims in the first instance unless Congress has withdrawn the Tucker Act grant of jurisdiction in the relevant statute.  Eastern Enterprises v. Apfel, 524 U.S. 498, 520 (1998).

Although the court recognizes that the United States was not named as a defendant for purposes of counts two or three and has not been substituted as a defendant for purposes of those counts, the Tucker Act provides plaintiff with a potential alternative means to remedy the wrongful conduct alleged to constitute an unconstitutional taking alleged in count two.  The availability of possible relief under the Tucker Act is a special factor that counsels against Bivens liability. Anoushiravani v. Fishel, 2004 WL 1630240, *8-9 (D. Or., 2004) (a "special factor" that precludes a Bivens claim exists where Congress has created *some* mechanism for relief, such as the Tucker Act).

Another factor counseling against recognition of a Bivens claim is that a regulatory scheme exists for redressing terminations of Medicare provider status.  This regulatory scheme is authorized by Congress via the Social Security Act and is

---

[9]The complete title of count two is "Unlawful taking under the Oklahoma Constitution and the U.S. Constitution."  Count three is entitled "Violation of Due Process" and also purports to make claims under the U.S. and Oklahoma Constitutions.  There is no Bivens claim under the Oklahoma Constitution, however, and no state constitutional equivalent of a Bivens claim.  To the extent counts two and three allege Bivens-type torts for violation of the Oklahoma Constitution, they fail to state a plausible claim.

effected by Department of Health and Human Services regulations.  Pursuant to the regulatory scheme, a Medicare provider such as AAA may appeal decisions concerning its Medicare provider status, causing a hearing to be held by an officer not involved in the original determination, and providing for notice following that determination of the provider's right to further appeal.  *See*, 42 C.F.R. § 405.874 (entitled "Appeals of carrier decisions that supplier standards are not met").  This regulatory framework is clearly intended to provide Medicare providers with due process of law with respect to issues concerning their provider status.

The fact that all possible injuries are not redressed by the regulatory scheme, such as injuries caused by failure to follow regulatory deadlines, does not necessarily suggest a Bivens remedy exists to fill that gap.  In Schweiker v. Chilicky, 487 U.S. 412 (1988), for example, which held that disability claimants had no Bivens remedies for the denial of disability benefits which were terminated and then later reinstated, the Supreme Court stated as follows.  "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, [the Court has] not created additional Bivens remedies." Schweiker, 487 U.S. at 423.  This is so, even where a plaintiff's relief is incomplete under the remedial mechanisms already in place.  *Id.  See also*, Hilst, M.D. v. Bowen, M.D., 874 F.2d 725, 727-28 (10th Cir. 1989) (because a comprehensive remedy is provided to physicians when their right to participate in the Medicare program is suspended, a Bivens remedy is not provided to physicians claiming denial of due process, citing Schweiker).

Moreover, were this court to allow a Bivens claim based on AAA's complaint that its provider status was wrongfully, if temporarily, revoked, or AAA's claim that mandatory scheduling deadlines governing the appeals and hearing process were violated, the prospect of individual liability for officials and entities who carry out

such regulatory proceedings would be greatly increased.  <u>Bivens</u> remedies for these types of complaints would lead to new difficulties and expenses in recruiting administrators for the Medicare program, concerns which counsel against recognition of a <u>Bivens</u> remedy.  <u>Schweiker</u>, 487 U.S. at 425 (prospect of liability for administrators factor to be considered in denying <u>Bivens</u> remedy to plaintiffs whose social security disability benefits were denied then later reinstated).

Thus, although the court recognizes that the alleged nature and cause of AAA's injury make this action distinguishable in important ways from <u>Schweiker</u>, many of the considerations which moved the Court to deny a <u>Bivens</u> claim in <u>Schweiker</u> apply here.  The court concludes that plaintiff has not alleged plausible claims for <u>Bivens</u> remedies in counts two or three for an unconstitutional taking or for violation of due process of law.  Accordingly, defendants' motion to dismiss those counts will be granted under Rule 12(b)(6) for failure to state a claim.

<u>Rulings</u>

Plaintiff's objection to the certification of the United States Attorney General is **OVERRULED**.  The United States has been correctly substituted as the sole defendant with respect to counts one and four through fifteen.

The motion of the United States to dismiss counts one and four through fifteen is **GRANTED**.  Counts one and four through fifteen are **DISMISSED** without prejudice, under Rule 12(b)(1), Fed. R. Civ. P., for failure to allege compliance with jurisdictional prerequisites of the Federal Tort Claims Act.  As it is clear from plaintiff's arguments that jurisdictional prerequisites have not been complied with, leave to amend would be futile.

Defendants' motion to dismiss the constitutional tort claims alleged in counts two and three is **GRANTED** under Rule 12(b)(6), for failure to state a claim.

Although counts two and three are dismissed for failure to state a claim, they are dismissed without prejudice in the event that plaintiff wishes to pursue a takings claim before the United States Court of Claims under the Tucker Act.  If plaintiff wishes to re-allege its takings claim as a claim against the United States only for money damages, or if plaintiff wishes to amend count eight to allege a breach of contract claim against the United States only for money damages (see, n. 3, *supra,* construing count eight as now alleged as a tort), with the understanding that any such amended claims will likely be transferred to the United States Court of Claims under the Tucker Act, then plaintiff may move to amend for that limited purpose.  Any such motion must be filed within ten days of the date of this order.  The motion must include a proposed amended complaint consisting of the new takings and breach of contract claims only, and must otherwise comply with the rules of this court.  Failure to comply will be grounds to deny the motion without further comment.  The United States shall respond to any such motion within 18 days, and any reply that may be needed shall be due 11 days thereafter.

Dated this 24th day of November,  2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1221p019(pub).wpd